THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD K. PETERSON, | ) CIVIL NO. 2:08-00616 JMS |
| | ) |
| Plaintiff, | ) ORDER (1) DISMISSING |
| | ) COMPLAINT IN PART AND |
| vs. | ) (2) DIRECTING SERVICE |
| | ) |
| COUNTY OF SOLANO et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## **ORDER (1) DISMISSING COMPLAINT IN PART AND (2) DIRECTING SERVICE**

On March 19, 2008, pro se prisoner Plaintiff Ronald K. Peterson ("Plaintiff") filed a Complaint against Defendants County of Solano ("County"), Correctional Officer Anthony Cuevaz ("Cuevaz"), and SDF / Claybank City Jail[1] (collectively, "Defendants") alleging violations of his constitutional rights for Cuevaz' alleged inappropriate comments and behavior towards Plaintiff.  Based on the following, the court DISMISSES Plaintiff's Complaint in part and DIRECTS SERVICE.

---

[1] "SDF / Claybank City Jail" is the Claybank Detention Facility ("Claybank Jail") located in Solano County, Fairfield, California where Plaintiff is currently incarcerated.

## I. BACKGROUND

Plaintiff alleges that Cuevaz violated his rights during an incident that occurred on March 4, 2008 when Cuevaz collected a urine sample from Plaintiff for a diabetes test. Compl. at 11.[2] Specifically, Plaintiff alleges that Cuevaz was "constantly peering" at him and asked another inmate, David McCray, to come down off his bunk and hold his penis for him while he urinated. *Id.*[3] Without providing more detail as to the other Defendants, it appears that Plaintiff alleges that the County and Claybank Jail are also liable for Cuevaz' behavior and "for the [negligence] of its own." *Id.* Plaintiff requests compensatory relief against all Defendants. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency. The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to

---

[2] The Complaint is not paginated consecutively, with page 11 found on the third page of the Complaint.

[3] On May 6, 2008, Plaintiff filed a declaration identifying "another incident . . . involving C. O. Anthony Cuevaz" that Plaintiff alleges occurred on April 22, 2008, *see* Doc. No. 6, approximately one month after his March 19, 2008 Complaint. Because the allegations in the May 6, 2008 declaration are *not* part of the Complaint, the court does not consider them in this screening Order.

state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

Construing Plaintiff's claims liberally and affording him the benefit of the doubt, he brings a 42 U.S.C. § 1983 claim against correctional officer Cuevaz, Claybank Jail, and the County.  The court addresses Plaintiff's claims against each Defendant below.

**A.     Plaintiff Fails to State a Claim Against Claybank Jail**

First, Plaintiff's § 1983 claim against Claybank Jail cannot stand because a jail is a building, not a "person" subject to suit pursuant to § 1983.  *See* 42 U.S.C. § 1983; *see, e.g.*, *Grant v. Chapman County Jail*, 2008 WL 516702, at *2 (S.D. Ga. Feb. 25, 2008) (stating that county jail is not subject to suit under § 1983); *Yates v. Maury County Jail*, 2006 WL 3761938, at *2 (M.D. Tenn. Dec. 21, 2006) (same); *Dauban v. Marquette County Jail*, 2006 WL 2700747, at *3 (W.D. Mich. Sept.18, 2006) (same); *Floyd v. Emmet County Corr. Facility*, 2006 WL 1429536, at *2 (W.D. Mich. May 23, 2006) (stating a correctional facility is not a person under § 1983); *Davis v. Belmont Corr. Inst.*, 2006 WL 840387, at *3 (S.D. Ohio Mar. 30, 2006) (same); *McLeod v. Still*, 2006 WL 372986, at *4 (D. N.J. Feb. 16, 2006) (same); *Meyers v. Schuylkill County Prison*, 2006 WL 559467, at *8 (M.D. Pa. Mar. 7, 2006) (asserting that a county prison is not a person within meaning of § 1983); *Spratt v. DeKalb County Jail*, 2005 WL 1958654, at *3 (N.D.

Ind. Aug. 12, 2005) ("A jail is a building and it is not a suable entity."); *Seals v. Grainger County Jail*, 2005 WL 1076326, at \*1 (E.D. Tenn. May 6, 2005) (finding that county jail is not entity subject to suit within meaning of § 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (same).

Because Claybank Jail is not a proper defendant, the court DISMISSES Plaintiff's Complaint as to Claybank Jail WITHOUT LEAVE TO AMEND.

**B.     Plaintiff Fails to State a Claim Against the County**

Even liberally construing and affording Plaintiff every benefit of the doubt, Plaintiff has not stated a § 1983 claim against the County. For the reasons below, the court DISMISSES the Complaint as to the County with LEAVE TO AMEND.

A municipality can *only* be found liable under § 1983 where the municipality itself causes the constitutional violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694-95 (1978) (concluding that a local government may not be sued under § 1983 for an injury inflicted by its employees or agents unless they acted under the local government's official policy); *Long v. County of L.A.*, 442 F.3d 1178, 1185-86 (9th Cir. 2006) ("A municipality may not be sued

under § 1983 solely because an injury was inflicted by its employees or agents[.] Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible."). A plaintiff can demonstrate a municipality's § 1983 liability by showing a policy of action or inaction -- for example, either by alleging (1) that the municipality violated plaintiff's rights or instructed its employees to do so through affirmative policies, orders, directives or (2) that the municipality's deliberate indifference led to an omission, and that omission caused its employee to commit the constitutional violation. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992); *see also Harris*, 489 U.S. at 388; *Long*, 442 F.3d at 1178. "To prove deliberate indifference, the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Gibson*, 290 F.3d at 1186.

In other words, to maintain a cause of action against the County, Plaintiff must allege a direct causal link between the County's polices, practices, or omissions (*i.e.*, what the County did or failed to do) and the alleged constitutional violation (*i.e.*, Cuevaz' actions towards Plaintiff on March 4, 2008). *See Harris*, 489 U.S. at 385; *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006); *Gibson*, 290 F.3d at 1185-86. Plaintiff, however, has not alleged that the

County maintains *any* policy, pattern, or practice or committed any omission that led to his constitutional deprivation. Instead, Plaintiff only claims that *one* correctional officer, Cuevaz, acted against him on *one* occasion. Standing alone, that is insufficient to rise to the level of a constitutional violation on behalf of the County. *See Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996) (stating that allegations of random acts or isolated instances of misconduct are insufficient to establish a municipality's custom or policy); *Merritt v. County of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989) (noting that single incident of "errant behavior" is insufficient to impose liability on the county for failure to train); *see also Anderson*, 451 F.3d at 1070 (explaining that to hold county liable under § 1983 "Anderson must be able to demonstrate that the injury resulted from a permanent and well settled practice") (citation and quotation signals omitted).

Thus, the court DISMISSES Plaintiff's Complaint for failure to state a claim on which relief may be granted against the County WITH LEAVE TO AMEND.

## C.     Plaintiff States a Claim against Cuevaz

The court finds, at least at the preliminary screening stage, that Plaintiff's allegations against Cuevaz state a claim pursuant to 42 U.S.C. § 1983. The claim shall proceed, with any challenge to the claim subject to future adversary proceedings.

**D.     Leave to Amend**

By **March 9, 2009**, Plaintiff may submit an amended complaint curing the deficiencies identified by the court in this Order.  Specifically, Plaintiff may amend his Complaint to include allegations against the County and include his claim against Cuevaz.  Plaintiff may not include allegations against Citybank Jail.  Should Plaintiff not file an amended complaint by **March 9, 2009**, the case will proceed against Cuevaz as set forth in the Complaint.

The Clerk of the Court will mail Plaintiff a court-approved form to use for filing an amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action against the County without further notice.  Also, Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on the court-provided form and may not incorporate by reference any part of the original Complaint.

An amended complaint will supersede the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990).  Accordingly, if Plaintiff files an amended complaint, the court will treat the original Complaint as nonexistent. *Ferdik*, 963, F.2d at 1262.  Any cause of action that was raised in the original

Complaint will be waived if it is not raised in the amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**E.      Warnings**

*1.      Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

*2.      Copies*

Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

*3.      Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (stating that a district court may dismiss an action for failure to comply with any order of the court).

///

## IV. **CONCLUSION**

Based on the above, the court DISMISSES the Complaint IN PART for failure to state a claim pursuant to 28 U.S.C. § 1915A. The court further ORDERS as follows:

1. Plaintiff has failed to state a claim against Defendant Claybank Jail. Plaintiff's Complaint against Claybank Jail is DISMISSED WITHOUT LEAVE TO AMEND.

2. Plaintiff has failed to state a claim against the County. Plaintiff's Complaint against the County is DISMISSED WITH LEAVE TO AMEND. If Plaintiff fails to file an amended complaint against the County by **March 9, 2009**, the Clerk of the Court must, without further notice, enter dismissal of the County from this action, and the matter will proceed against Cuevaz only.

3. Plaintiff has stated a claim against Defendant Cuevaz and this claim shall proceed. Service is thereby appropriate for Defendant Cuevaz.

4. Plaintiff has until **March 9, 2009** to file an amended complaint in compliance with this Order. Specifically, Plaintiff is granted leave to file an amended complaint alleging a cause of action against Defendants Cuevaz and the County.

5. The court DIRECTS the Clerk of the Court to send Plaintiff a copy of this Order, a copy of the form for filing a civil rights complaint by a prisoner,

one USM-285 form, one summons, an instruction sheet, and one copy of the Complaint filed March 19, 2008.

6. By **March 9, 2009,** Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

   d. Two copies of the endorsed Complaint filed March 19, 2008.

7. Plaintiff need not attempt service on Defendant Cuevaz and need not request waiver of service.  Upon receipt of all the documents listed in number 6, the court will direct the Clerk of the Court to forward the completed forms to the United States Marshal to serve on the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

///

///

///

///

///

8. Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Peterson v. County of Solano et al.*, Civ. No. 2:08-00616 JMS, Order (1) Dismissing Complaint in Part and (2) Directing Service