THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD K. PETERSON, | ) | CIVIL NO. 2:08-00616 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| COUNTY OF SOLANO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

On March 19, 2008, pro se prisoner Plaintiff Ronald K. Peterson ("Plaintiff") filed a Complaint against Defendants County of Solano ("County"), Correctional Officer Anthony Cuevaz ("Cuevaz"), and SDF / Claybank City Jail ("Claybank Jail")[1] alleging violations of his constitutional rights for Cuevaz' alleged inappropriate comments and behavior towards Plaintiff on or about March 4, 2008. On February 5, 2009, this court issued an Order (1) Dismissing Plaintiff's Complaint in Part and (2) Directing Service ("February 5, 2009 Order"), which dismissed Plaintiff's claims against Defendant Claybank Jail without leave to

---

[1] "SDF / Claybank City Jail" is the Claybank Detention Facility ("Claybank Jail") located in Solano County, Fairfield, California where Plaintiff is currently incarcerated.

amend and dismissed Plaintiff's claims against the County with leave to file an amended complaint.[2] Plaintiff's claims against Cuevaz remained.

Currently before the court is Plaintiff's March 24, 2009 three-page letter addressed to "Office of the Clerk U.S. Dist[rict] Judge J. Michael Seabright," which the court liberally construes as Plaintiff's Motion for Reconsideration.[3] After careful consideration, the court DENIES Plaintiff's Motion for Reconsideration.

## II. STANDARD OF REVIEW

A motion for reconsideration of an entry of final judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion for reconsideration from a final judgment or a motion for relief from an order is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008); Fed. R. Civ. P. 60(b). Because final

---

[2] On February 18, 2009, the court granted Plaintiff an extension until March 23, 2009 to file an amended complaint.

[3] The court does not construe Plaintiff's March 24, 2009 letter as an amended complaint because he did not comply with the requirements of the February 5, 2009 Order and use the court-approved form for filing an amended complaint. Even if the court construed Plaintiff's March 24, 2009 letter as an amended complaint, the court would dismiss Plaintiff's claim against the County because Plaintiff has still not stated a claim upon which relief may be granted. Specifically, Plaintiff has not demonstrated that the County itself caused the alleged constitutional violation by alleging a direct causal link between the County's policies, practices, or omissions and Cuevaz' actions toward Plaintiff on March 4, 2008.

2

judgment has not been entered, the court analyzes Plaintiff's Motion for Reconsideration under Rule 60(b).

Rule 60(b) provides for relief upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1 J, v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The disposition of a Rule 60(b) motion for relief from judgment is within the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

### III. ANALYSIS

While not entirely clear, it appears that Plaintiff brings his Motion for Reconsideration because he believes that the court misapplied the law in dismissing his claims against Claybank Jail and the County.

In the February 5, 2009 Order, the court properly dismissed Plaintiff's 42 U.S.C. § 1983 claim against Claybank Jail (without leave to amend) because the jail is not a "person" subject to suit under § 1983. The court also correctly dismissed Plaintiff's claims against the County (with leave to amend) because Plaintiff failed to allege any facts demonstrating that the County itself caused the constitutional violation -- specifically, Plaintiff did not allege a direct casual link

between the County's policies, practices, or omissions and Cuevaz' actions on March 4, 2008. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694-95 (1978); *Long v. County of L.A.*, 442 F.3d 1178, 1185-86 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents[.] Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.").

Plaintiff does not attack the bases for the February 5, 2009 Order directly but instead argues that Claybank Jail and the County are "strictly liable for the harassing conduct of their Agents and Supervisors" under California's Fair Employment Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* Pl.'s Mot. 1. Title VII prohibits *employers* from committing certain forms of discrimination against *employees*. *See* 42 U.S.C. § 2000e2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, or privileges of employment"). Similarly, California's FEHA also prohibits certain types of *employment* discrimination. *See State Dep't of Health Servs. v. Super. Ct.*, 31 Cal. 4th 1026, 1040, 79 P.3d 556, 562 (2003). Plaintiff is an inmate at the Claybank

4

Jail -- as such, he is not employed by the Claybank Jail or the County. Thus, neither Title VII or FEHA applies to Plaintiff's claims.

Because the court correctly applied the law in its February 5, 2009 Order and because Plaintiff does not put forth any grounds for relief under Rule 60(b), the court DENIES Plaintiff's Motion for Reconsideration.

### IV. <u>CONCLUSION</u>

Based on the above, the court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2009.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Peterson v. County of Solano et al.*, Civ. No. 2:08-00616 JMS, Order Denying Plaintiff's Motion for Reconsideration