THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD K. PETERSON, | ) | CIVIL NO. 02:08-000616 JMS |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING |
| | ) | COMPLAINT IN PART AND |
| vs. | ) | (2) DIRECTING SERVICE |
| | ) | |
| COUNTY OF SOLANO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER (1) DISMISSING COMPLAINT IN PART AND (2) DIRECTING SERVICE

On February 5, 2009, this court dismissed pro se prisoner Plaintiff Ronald K. Peterson's ("Plaintiff") Complaint for failure to state a claim with leave to amend. On March 30, 2009, Plaintiff filed an Amended Complaint against Defendants County of Solano ("County"), Correctional Officer Anthony Cuevaz ("Cuevaz"), Sheriff of Solano County Gary R. Stanton ("Sheriff Stanton")[1] (collectively, "Defendants") alleging violations of his constitutional rights based upon Cuevaz' alleged inappropriate comments and behavior towards Plaintiff and Sheriff Stanton and the County's alleged deliberate indifference. Based on the

---

[1] Plaintiff is currently incarcerated at Claybank Detention Facility located in Solano County, Fairfield, California.

following, the court DISMISSES the Amended Complaint IN PART and DIRECTS SERVICE.

## I. **BACKGROUND**

Plaintiff alleges that Cuevaz violated his rights during an incident that occurred on March 4, 2008 when Cuevaz collected a urine sample from Plaintiff for a diabetes test. Am. Compl. at 5, unmarked page 9.[2] Specifically, Plaintiff claims that Cuevaz was "constantly peering" at him and asked another inmate, David McCray, to come down off his bunk and hold his penis for him while he urinated. *Id.* Plaintiff also alleges that after this incident Cuevaz continued to harass him. *Id.* at 8.

Plaintiff claims that the County and Sheriff Stanton are liable for Cuevaz' actions based on a theory of "negligent supervision" and for their "deliberate indifference." *Id.* at 5, 7. Specifically, Plaintiff alleges that Sheriff Stanton and the County: (1) did nothing to protect him from Cuevaz, *id.* at 5-8; (2) failed to investigate the matter, *id.* at 8; (3) "failed to take immediate and appropriate corrective action" or discipline Cuevaz in anyway, *id.* at 5-6; (4) "laugh[ed] off the matter[,]" *id.* at 6; (5) allowed Cuevaz to continue to work around Plaintiff after the alleged incident, *id.* at 6-8; and (6) failed to protect him

---

[2] The Complaint is not paginated after page 8.

against further harassment, which he claims occurred. *Id.* at 8. Plaintiff requests monetary relief against and punitive damages. *Id.* at 5-6.

Additionally, Plaintiff claims that the County and Sheriff Stanton failed to provide him adequate counseling and medical care that he requested as a result of the incident. *Id.* at 8.

## II. **STANDARD OF REVIEW**

As Plaintiff is aware from the February 5, 2009 Order, pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency. The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

3

arguable legal and factual basis. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### III. **<u>DISCUSSION</u>**

Construing Plaintiff's claims liberally and affording him the benefit of the doubt, he brings (1) a 42 U.S.C. § 1983 claim against correctional officer Cuevaz, the County, and Sheriff Stanton based upon Cuevaz' actions on March 4, 2008 and the County and Sheriff Stanton's deliberate indifference evidenced by their failure to discipline Cuevaz, (2) a § 1983 claim against the County and Sheriff Stanton based on his allegations that they provided him inadequate medical care, and (3) various state law claims. For the foregoing reasons, the court DISMISSES Plaintiff's Complaint in PART and DIRECTS SERVICE.

## A. Plaintiff Fails to State a Claim Based upon Inadequate Medical Care

Plaintiff's allegations that the County and Sheriff Stanton failed to provide him with the counseling and medical care that he requested does not state a claim upon which relief can be granted. Am. Compl. at 8.

To maintain a § 1983 claim based on inadequate prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) ("[T]he requirements for mental health care are the same as those for physical health care needs."). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Penner*, 439 F.3d at 1096 (citation and quotation signals omitted); *Doty*, 37 F.3d at 546 (stating same for mental health condition and adding that routine discomfort from incarceration is not a "serious medical need"). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Penner*, 439 F.3d at 1096 (citation and quotation signals omitted). The second prong is satisfied by alleging "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*; *Lopez v.*

*Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment.'").

Plaintiff merely alleges that the County and Sheriff Stanton refused to provide him with the medical care and/or counseling he requested which caused him "stress," *see* Am. Compl. at 8, -- Plaintiff makes no allegation of a serious medical need that could result in further significant injury or the unnecessary and wanton infliction of pain nor does he explain how the denial of medical care or counseling rose to the level of deliberate indifference. As such, Plaintiff has failed to state a valid claim for relief based on these allegations.

Thus, the court DISMISSES Plaintiff's Amended Complaint WITHOUT LEAVE TO AMEND as to Plaintiff's allegations that he was denied medical care and/or counseling.

**B.     Plaintiff States a Claim**

The court finds, at least at the preliminary screening stage, that Plaintiff's allegations against Cuevaz, the County, and Sheriff Stanton as to Cuevaz' alleged actions on March 4, 2008 and the County and Sheriff Stanton's alleged failure to take steps to respond to those actions state a claim pursuant to 42 U.S.C. § 1983. As such, the claim shall proceed.

**C. Warnings**

   *1.   Address Changes*

   If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rules 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   *2.   Copies*

   Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   *3.   Possible Dismissal*

   If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a district court may dismiss an action for failure to comply with any order of the court).

///

///

## IV. CONCLUSION

Based on the above, the court DISMISSES the Amended Complaint IN PART for failure to state a claim pursuant to 28 U.S.C. § 1915A. The court further ORDERS as follows:

1. Plaintiff has failed to state a claim against Defendants based upon his allegations of inadequate medical care. As to that conduct, Plaintiff's Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

2. Plaintiff has stated a claim against Defendants Cuevaz, Sheriff Stanton, and the County and this claim shall proceed. Service is thereby appropriate for all Defendants.

3. The court DIRECTS the Clerk of the Court to send Plaintiff a copy of this Order, a copy of the form for filing a civil rights complaint by a prisoner, one USM-285 form, one summons, an instruction sheet, and one copy of the Amended Complaint filed March 30, 2009.

4. By **May 22, 2009,** Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 2 above; and

d. Four copies of the endorsed Amended Complaint filed March 30, 2009.

5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of all the documents listed in number 3, the court will direct the Clerk of the Court to forward the completed forms to the United States Marshal to serve on the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2009.



　　　　　　/s/ J. Michael Seabright
　　　　　　J. Michael Seabright
　　　　　　United States District Judge

*Peterson v. County of Solano et al.*, Civ. No. 2:08-00616 JMS, Order (1) Dismissing Complaint in Part and (2) Directing Service

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Ronald K. Peterson

    Plaintiff,　　　　　　　　　　No. 2:08-cv-0616 JMS

  vs.

County of Solano, et al.,　　　　　　　NOTICE OF SUBMISSION

    Defendants.　　　　　　　　　OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed <u>4/20/09       </u>:

    <u>    </u>    completed summons form

    <u>    </u>    completed USM-285 forms

    <u>    </u>    copies of the <u>         </u>
                          Complaint/Amended Complaint

DATED:

                                           _____
                                           Plaintiff