IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD K. PETERSON, | ) CIVIL NO. 2:08-0616 JMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS |
| | ) COUNTY OF SOLANO, ANTHONY |
| vs. | ) CUEVAZ, AND GARY STANTON'S |
| | ) MOTION TO DISMISS |
| COUNTY OF SOLANO; ANTHONY | ) |
| CUEVAZ, Correctional Officer; | ) |
| GARY R. STANTON, Sherrif, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER GRANTING DEFENDANTS COUNTY OF SOLANO, ANTHONY CUEVAZ, AND GARY STANTON'S MOTION TO DISMISS**

### I. INTRODUCTION

Pro se Plaintiff Ronald K. Peterson ("Plaintiff") filed a Complaint against Defendants County of Solano ("County"), Correctional Officer Adrian Cuevas[1] ("Cuevas"), and Sheriff Gary R. Stanton ("Stanton") (collectively, "Defendants") alleging violations of his constitutional rights as a result of Cuevas' alleged inappropriate comments and behavior toward Plaintiff. Currently before the court is Defendants' Motion to Dismiss. Defendants argue that the court must

---

[1] Plaintiff improperly captioned his Complaint by identifying Correctional Officer Adrian Cuevas as Anthony Cuevaz.

dismiss under Federal Rule of Civil Procedure 12(b) for failure to exhaust or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the court GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

At all times relevant to this Motion, Plaintiff was incarcerated at the Claybank Detention Facility ("Solano County Jail") located in Solano County, Fairfield, California. Cullison Decl. ¶ 3; Cullison Decl. Ex. A at 1. Plaintiff alleges that on March 4, 2008, Cuevas violated Plaintiff's rights while collecting Plaintiff's urine sample for a diabetes test. Am. Compl. at 5. Specifically, Plaintiff alleges that Cuevas was "peering" at him and asked another inmate, David McCray, to come down from his bunk and hold Plaintiff's penis for him while he urinated. *Id*. Plaintiff further alleges that County and Stanton failed to supervise Cuevas and, as a result, that they are liable for Cuevas' behavior. *Id*. at 7-8.

The Solano County Jail maintains an inmate grievance system ("Grievance System"). Cullison Decl. ¶ 3. The Grievance System permits inmates to file grievances concerning problems with their custody or medical care. *Id*. The Grievance System has two levels. First, an inmate must give a grievance to his

module officer.  A response will then be prepared.  Second, if an inmate is unsatisfied with the response, he may appeal the response.  At this second level, the grievance is reviewed by a facility commander for investigation and additional response.  An inmate's administrative remedy is exhausted following a decision at the second level.  *Id*.

On March 5, 2008, Plaintiff submitted a first-level inmate grievance, Grievance Number 8000682, describing his interaction with Cuevas the day before.  Cullison Decl. Ex. A at 1.  On March 5, 2008, a shift sergeant at Solano County Jail entered a response to Grievance Number 8000682 stating, "[Cuevas] is not on duty at this time.  This incident will be investigated as soon as possible pending [Cuevas] returning to duty."  *Id*. at 3.  On March 9, 2008, a shift sergeant entered an additional response stating:

> I spoke with Officer Cuevas on this incident.  He stated he was joking with [Plaintiff] and everything was cool and ok with [Plaintiff] and him.  I informed Officer Cuevas, I spoke with [Plaintiff] concerning the incident and [Plaintiff] stated this was not cool, funny [or] a joke.  Officer Cuevas was counseled on his conduct, behavior and professionalism.

*Id*.  Plaintiff did not appeal these responses to his grievance.  Cullison Decl. ¶ 6.

//

//

**B.	Procedural Background**

Plaintiff filed the Amended Complaint on March 30, 2009. Although the Amended Complaint is not entirely clear, Plaintiff alleges claims under 42 U.S.C. § 1983, the Eighth Amendment, Title VII of the Civil Rights Act, and California's Fair Employment and Housing Act. Am. Compl. at 6-7. Plaintiff further appears to allege a claim for defamation.[2] *Id*. at 8. Plaintiff requests compensatory and punitive damages. *Id*. at 6.

On October 1, 2009, Defendants filed their Motion to Dismiss. Plaintiff filed an Opposition on October 7, 2009 ("Opposition"), an Opposition in Part on October 23, 2009[3] ("Opposition in Part"), and a Memorandum in Support of the Opposition on October 26, 2009 ("Memorandum"). No hearing was held on this matter.

---

[2] Plaintiff additionally alleged that Defendants deprived him of adequate medical and counseling services. Am. Compl. at 8. The court dismissed that allegation without leave to amend in its April 20, 2009 Order (1) Dismissing Complaint in Part and (2) Directing Service. Doc. No. 24.

[3] Although captioned as an Amended Prisoner Civil Rights Complaint, Doc. No. 42, Plaintiff's October 23, 2009 filing is also internally identified as an "Opposition in Part." Am. Prisoner Civil Rights Compl. at 1. The court considered the Amended Prisoner Civil Rights Complaint to the extent it contained arguments in opposition to Defendants' Motion to Dismiss. To the extent Plaintiff's October 23, 2009 filing attempted to amend the Amended Complaint, however, the court disregards Plaintiff's amended allegations as untimely. *See* Fed. R. Civ. P. 15(a).

### III.  STANDARD OF REVIEW

When a plaintiff fails to exhaust available administrative grievance procedures, the complaint is subject to an unenumerated Rule 12(b) motion.  *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam); *see also Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1078 n.1, 1083-84 (9th Cir. 2002).  In the context of a prisoner's complaint, a prisoner's exhaustion of administrative remedies is mandatory and no longer left to the discretion of the district court.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  In such cases, the defendant bears the burden of proof to show that a prisoner has failed to exhaust administrative remedies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Id.* at 1119-20 (citing *Ritza*, 837 F.2d at 369).  If the court finds that a prisoner has failed to exhaust nonjudicial remedies, the court must dismiss without prejudice.  *Id*. at 1120 (citing *Ritza*, 837 F.2d at 369).

### IV.  ANALYSIS

Defendants argue that Plaintiff's claims must be dismissed because Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation

Reform Act ("PLRA").  The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA requires "a prisoner [to] exhaust administrative remedies even where the relief sought -- monetary damages -- cannot be granted by the administrative process."  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  As a result of the PLRA, a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).

In this case, Plaintiff never proceeded to level two of the Grievance System.  Plaintiff filed a level one grievance on March 5, 2008.  Cullison Decl. Ex. A at 1.  Pursuant to the Grievance System, Plaintiff received a response to his grievance on March 5, 2008 and March 9, 2008.  Cullison Decl. ¶ 4; Cullison Decl. Ex. A at 3.  Plaintiff did not appeal these responses.  Cullison Decl. ¶ 6.  As a result, Plaintiff's grievance did not proceed to level two -- i.e., it was not routed to the facility commander for investigation and response.  *Id.* ¶¶ 3, 6.

Because he has not proceeded to level two of the Grievance System, Plaintiff has failed to exhaust his administrative remedies.  Accordingly, the court dismisses Plaintiff's Amended Complaint without prejudice.  *See Wyatt*, 315 F.3d at 1120.

## V.  CONCLUSION

For the reasons discussed above, the court GRANTS Defendants' Motion to Dismiss.  Plaintiff's Amended Complaint is dismissed without prejudice.  Plaintiff must exhaust his administrative remedies, if possible, before he may properly refile the Amended Complaint.  The court ORDERS the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 6, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Peterson v. County of Solano et al.*, Civ. No. 2:08-0616 JMS, Order Granting Defendants County of Solano, Anthony Cuevaz, and Gary Stanton's Motion to Dismiss